```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA

                   CASE NO. 06-81255-CIV-ZLOCH
```

SAUL FOX,

       Plaintiff,

vs.                                                   **O R D E R**

PORSCHE CARS NORTH AMERICA,
INC.,

       Defendant.
_____/

THIS MATTER is before the Court upon the Mandate (DE 31) issued by the United States Court of Appeals for the Eleventh Circuit and Plaintiff Saul Fox's Motion For Summary Judgment (DE 6).  The Court has carefully reviewed said Motion and the entire court file and is otherwise fully advised in the premises.

A fuller recitation of the facts of this case are set forth in the Court's prior Final Summary Judgment (DE 22); a brief recitation is given here for context.  Defendant sold a Porsche vehicle (hereinafter "the vehicle") to The Mercury Trust, an entity whose relationship to Plaintiff is unknown from the record at this time.  DE 14, Exs. C, D, & E.  The vehicle did not meet with Plaintiff's expectations, and he filed a claim with Defendant's dispute settlement procedure, an arbitration forum.  After an adverse ruling in that forum, Plaintiff, in his own name and in the name of The Mercury Trust, submitted the dispute to the Florida New Motor Vehicle Arbitration Board (hereinafter "the Arbitration Board"), which handles claims brought under Florida Statutes §§

681.101, <u>et</u> <u>seq</u>. (hereinafter "the Lemon Law").  The Arbitration Board determined that the vehicle was a "lemon" and ordered Defendant to refund the purchase price of the vehicle.  Defendant timely paid the amount ordered.

Plaintiff then filed suit to recover the attorney's fees incurred in the arbitration proceedings with Defendant.  Florida Statutes § 681.112 allows "[a] consumer [to] file an action to recover damages caused by a violation of" the Lemon Law.  Plaintiff quickly moved for summary judgment (DE 6) and Defendant filed its Cross Motion For Summary Judgment (DE 10).  The Court granted Defendant's Motion (DE 10) on the sole issue raised therein, that Florida's Lemon Law does not authorize the relief Plaintiff sought by this action, and denied Plaintiff's Motion (DE 6).  DE 21, pp. 5-11.  Defendant raised the question of whether Plaintiff in particular was the proper party to obtain this relief, if possible, only in its Response (DE 11) to Plaintiff's Motion (DE 6).  It was not raised as a ground for granting Defendant's Motion (DE 10). <u>See</u> DE 11, pp. 16-17; DE 36, pp. 3-5.  Thus, the Court did not address this question.

Plaintiff took an appeal, and the Eleventh Circuit reversed the Court's ruling.  <u>See</u> DE 31.  It held that <u>Gelinas v. Forest River, Inc.</u>, 931 So. 2d 970 (Fla. Dist. Ct. App. 2006), was the governing law and therefore § 681.112 permits a consumer in a civil action to recover damages consisting only of attorney's fees

2

incurred in Lemon Law arbitration proceedings.  The Eleventh Circuit did not address whether Plaintiff has standing to pursue this relief.  This action was remanded for further proceedings consistent with the opinion of the Eleventh Circuit.  DE 31, p. 5.

By prior Order (DE 34), the Court directed the Parties to file Memoranda briefing the issues that remain and require rulings.  The Parties disagreed on what issues remained for trial, but were permitted to, and did, file initial, response, and reply briefs.  See DE Nos. 35-40.  A question remaining for disposition is whether Plaintiff is the proper Party to make such recovery.  If Plaintiff is the proper Party, then it remains to be seen what recovery he is entitled to; if he is not the Proper party, judgment must lie for Defendant.  For the reasons expressed more fully below, the Court finds that genuine issues of material fact remain as to the question of whether Plaintiff is a "consumer" as defined by the Lemon Law.  Therefore, the Court will deny Plaintiff's Motion For Summary Judgment (DE 6).

## II. Standard of Review

Under Federal Rule of Civil Procedure 56, summary judgment is appropriate

> if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56(c); see also Eberhardt v. Waters, 901 F.2d 1578, 1580 (11th Cir. 1990).  The party seeking summary judgment "always

bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quotation omitted).  Indeed,

> the moving party bears the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial.  Only when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment.

Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991); Avirgan v. Hull, 932 F.2d 1572, 1577 (11th Cir. 1991).

The moving party is entitled to "judgment as a matter of law" when the non-moving party fails to make a sufficient showing of an essential element of the case to which the non-moving party has the burden of proof.  Celotex Corp., 477 U.S. at 322; Everett v. Napper, 833 F.2d 1507, 1510 (11th Cir. 1987).  Further, the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

### III. Analysis

The Eleventh Circuit ruled that Florida law allows a successful consumer in an arbitration proceeding brought pursuant

to Florida's Lemon Law to recover the attorney's fees incurred therein by a civil action pursuant to Florida Statutes § 681.112. DE 31.  The question remains whether Plaintiff is a consumer. Florida Statutes § 681.102 defines "consumer" as follows:

> "Consumer" means the purchaser, other than for purposes of resale, or the lessee, of a motor vehicle primarily used for personal, family, or household purposes; any person to whom such motor vehicle is transferred for the same purposes during the duration of the Lemon Law rights period; and any other person entitled by the terms of the warranty to enforce the obligations of the warranty.

Fla. St. § 681.102(4).  Thus, to be a "consumer" for purposes of the Lemon Law, Plaintiff must fit into one of three categories: the purchaser or lessee of the vehicle, the transferee of the vehicle, or one permitted by the terms of the warranty to enforce the warranty.  Id.  Defendant argues that Plaintiff is not the purchaser or lessee and that genuine issues of material fact remain as to the latter two categories.

By way of the Affidavit of Gerri Lumsden, Manager of Defendant's Customer Commitment department, Defendant submitted the sales invoice, certificate of title, and registration for the vehicle.  DE 14, Exs. C, D, & E.  All of these bear the name The Mercury Trust, and not Saul Fox, in the position of buyer/owner. None bears the name of Plaintiff.  Id.  Plaintiff does not dispute these documents or what they establish--namely, that Plaintiff was never the owner or lessee of the vehicle.  Plaintiff makes only two arguments in response.  First, Defendant waived this argument

5

because Plaintiff was named personally in the arbitration proceedings.  Second, Plaintiff otherwise meets the definition of "consumer" in § 681.102(4).

As to his first argument, the Court finds that the styles of the arbitration proceedings are not helpful.  The first arbitration, held in Defendant's private arbitration forum, was styled "In the matter of Arbitration between Mr. Saul Fox ('Customer(s)') and Porsche Cars North America, Inc. ('Porsche')." DE 1, p. 13 (Ex. A to Plaintiff's Complaint).  Plaintiff lost that arbitration.  The second arbitration before Florida's Arbitration Board, which Plaintiff initiated in an appeal of the first, was styled as "The Mercury Trust/Saul Fox, Consumer vs. Porsche Cars North America, Inc., Manufacturer."  DE 1, p. 20 (Ex. B to Plaintiff's Complaint).  The decision of the Florida arbitration board was an award to "Consumer," which as defined in the style was "The Mercury Trust/Saul Fox."  Id.  Defendant paid the award by check made out to The Mercury Trust and Saul Fox.  DE 14, Ex. A. Thus, the arbitration proceedings do not establish as a matter of law that Plaintiff was the consumer of the vehicle.

Plaintiff argues in his Response (DE 15) to Defendant's Cross Motion For Summary Judgment (DE 10) that Defendant waived the argument that Plaintiff is not the consumer; however, he fails to offer any legal support for such a proposition.  See DE 15, p. 3. He also argues in his Memorandum of Law (DE 38), filed after this

6

case was remanded from the Eleventh Circuit, that Defendant waived the standing issue.  He argues that the standing issue was briefed before the Court of Appeals, but that Court "ignored" that question in order to take up the question of whether any plaintiff in a § 681.112 action could collect attorney's fees incurred in an arbitration.  DE 38, p. 4.  Thus, he argues, because the question was briefed on appeal and the Eleventh Circuit was silent as to the same in its Mandate (DE 31), in other words, because of the "appellate indifference to inferior arguments," DE 38, p. 4, the question is not open for discussion again in this Court.  He cites no legal authority for this proposition.  The Court notes that when the Eleventh Circuit wants to go on record dismissing an argument as without merit, it knows how to do so.  See, e.g., David Vincent, Inc. v. Broward County, Fla., 200 F.3d 1325, 1332 n.13 (11th Cir. 2000) ("The district court did not address this argument, and nether will we because we find that it is without merit."); CBS Broadcasting, Inc. v. EchoStar Commc'ns Corp., 450 F.3d 505, 517 (11th Cir. 2006) ("We find the vast majority of EchoStar's claims to be completely without merit and address those briefly in the margin.").  Plaintiff has failed to establish that no genuine issue of material fact remains for trial on the question of Defendant's waiver.

As to Plaintiff's second argument, that he was entitled to enforce the warranty and thus falls within the definition of

consumer, the Court finds that genuine issues of material fact remain for trial, or for summary judgment on a fuller record.

Defendant argues that it is premature to determine whether Plaintiff was the transferee of the vehicle or entitled by the terms of the vehicle's warranty to enforce the warranty.  Thus, it requests additional time for discovery.  In response, Plaintiff merely states in his briefing that he was empowered to enforce the warranty; however, no evidence was offered to support this fact. DE 15, p. 5 ("Fox [was permitted under the terms of the warranty to enforce the warranty].  PCNA understood that Mr. Fox was the face fo the 'Mercury Trust' and performed warranty repairs on his vehicle pursuant to the terms of PCNA's warranty.").  He did not submit a copy of the warranty or quote its terms; he offered no evidence on this point at all.  Plaintiff's lawyer's statement to this effect is not enough to establish this fact.  <u>Pollock v. Birmingham Trust Nat. Bank</u>, 650 F.2d 807, 811 (5th Cir. Jul. 17, 1981) ("[T]here is simply no evidence in the record before us that in any way establishes the relationship of the dealership and the Bank here.  All we have is the argument of counsel . . ., and we are sure that learned counsel understand that summary judgment must rest on something more.").[1]  Therefore, the Court finds that

---

[1] In <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

genuine issues of material fact remain for trial on the question of whether Plaintiff was a consumer within the meaning of § 681.102(4).

### IV. Conclusion

The Court finds that Plaintiff has failed to establish that he is a consumer within the meaning of Florida Statutes § 681.102(4). Therefore, genuine issues of material fact on this question remain for trial.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** that Plaintiff Saul Fox's Motion For Summary Judgment (DE 6) be and the same is hereby **DENIED.**

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida this   28th   day of January, 2009.

　　　　　　　　　　　　　　　　／s／ William J. Zloch
　　　　　　　　　　　　　　　　WILLIAM J. ZLOCH
　　　　　　　　　　　　　　　　United States District Judge

Copies furnished:

All Counsel of Record